IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA

VS.                              CRIMINAL NO.  1:18CR121


AMBROSE DEJUAN NELSON




TRANSCRIPT OF PLEA HEARING

BEFORE THE HONORABLE HALIL S. OZERDEN
UNITED STATES DISTRICT JUDGE

DECEMBER 21, 2018
GULFPORT, MISSISSIPPI

APPEARANCES:

FOR THE GOVERNMENT:
  KATHLYN VAN BUSKIRK, ESQUIRE
  U.S. ATTORNEY'S OFFICE — GULFPORT
  1575 20TH AVENUE
  GULFPORT, MISSISSIPPI  39501


FOR THE DEFENDANT:
  JAMES L. DAVIS, III, ESQUIRE — CJA
  P.O. BOX 1839
  GULFPORT, MISSISSIPPI  39502
        AND
  ROSS R. BARNETT, JR., ESQUIRE
  BARNETT LAW FIRM — JACKSON
  1911 DUNBARTON DRIVE
  JACKSON, MISSISSIPPI  39216

REPORTED BY:  SHERRI L. PENNY, RPR, FCRR
              2012 15TH STREET, SUITE 403

_____

GULFPORT, MISSISSIPPI  39501
(228)563–1751

1          **THE COURT:**  Next case is 1:18-121, United States

2    versus Ambrose DeJuan Nelson, for a change of plea.  Would

3    counsel please make their appearances.

4          **MS. VAN BUSKIRK:**  Kathlyn Van Buskirk on behalf of

5    the government.

6          **THE COURT:**  Good morning.

7          **MR. DAVIS:**  Jim Davis on behalf of Mr. Nelson, and

8    Mr. Nelson is in the courtroom with us.

9          **MR. BARNETT:**  I'm Ross Barnett.

10          **THE COURT:**  On behalf of the defendant?

11          **MR. BARNETT:**  Co-counsel.

12          **THE COURT:**  Good morning, Counsel.

13          **MR. BARNETT:**  Good morning, Your Honor.

14          **THE COURT:**  All right.  I understand this will be a

15    change of plea to guilty to Count 2; is that correct?

16          **MR. BARNETT:**  Yes, sir.

17          **THE COURT:**  I've been presented with an original plea

18    agreement and plea supplement, which I have reviewed.  They

19    have been executed by counsel for the government, as well as

20    counsel for the defendant.  Ms. Van Buskirk, let me inquire,

21    pursuant to the Crime Victims' Rights Act, are there any

22    victims of this offense?

23          **MS. VAN BUSKIRK:**  No, Your Honor.

24          **THE COURT:**  At this time, then, if counsel and the

25    defendant would approach the podium, I'll ask him to take the

1    oath and we will begin.

2            Sir, would you please raise your right hand and take

3    the oath.

4                    (Oath Administered)

5            **THE COURT:**  Sir, would you please state your full

6    name for the record.

7            **DEFENDANT:**  Ambrose DeJuan Nelson.

8            **THE COURT:**  Mr. Nelson, do you understand that you

9    are now under oath, and that if you answer any of my questions

10   here today falsely, your answers may later be used against you

11   in another prosecution for perjury or making a false statement,

12   do you understand that, sir?

13           **DEFENDANT:**  Yes, sir.

14           **THE COURT:**  Are you able to read, speak and

15   understand the English language?

16           **DEFENDANT:**  Yes, sir.

17           **THE COURT:**  Are you a citizen of the United States?

18           **DEFENDANT:**  Yes, sir.

19           **THE COURT:**  If at any point this morning you do not

20   understand something I say or a question I ask, please let me

21   know that, I'm happy to repeat myself.  Also, if at any point

22   you would like to stop and consult with your attorney, I'm

23   happy to let you do that as well, you just need to let me know.

24   Do you understand all of that?

25           **DEFENDANT:**  Yes, sir.

1          **THE COURT:**   The first thing I have to do this morning

2    is ask a few questions to establish that what you're doing here

3    today is a knowing and voluntary act, and that you are doing it

4    of your own free will.  So I'm going to begin with a few

5    questions along those lines.  How old are you, sir?

6          **DEFENDANT:**   I'm 40 years old.

7          **THE COURT:**   How far did you go in school?

8          **DEFENDANT:**   I got my GED.

9          **THE COURT:**   All right.  And are you able to read and

10   write?

11          **DEFENDANT:**   Yes, sir.

12          **THE COURT:**   Have you been treated recently for any

13   mental illnesses or addictions to alcohol or narcotic drugs of

14   any kind?

15          **DEFENDANT:**   No, sir.

16          **THE COURT:**   Have you ever been treated for any mental

17   illnesses or addictions to alcohol or narcotic drugs of any

18   kind?

19          **MR. BARNETT:**   Have you ever been treated, ever?

20          **DEFENDANT:**   No, sir.

21          **THE COURT:**   Okay.  Now, as you stand here today, are

22   you presently under the influence --

23          **DEFENDANT:**   No, sir.

24          **THE COURT:**   -- of anything, alcoholic beverage, drug,

25   prescription medication, any other substance that would affect

1    your ability to understand what's going on?

2              **DEFENDANT:**  No, sir.

3              **THE COURT:**  Are you capable of consulting with your

4    attorney and understanding what he is telling you?

5              **DEFENDANT:**  Yes.

6              **THE COURT:**  Do you understand why we are here and

7    what is happening today?

8              **DEFENDANT:**  Yes, sir.

9              **THE COURT:**  And do you understand the seriousness of

10   these proceedings?

11             **DEFENDANT:**  Yes, sir.

12             **THE COURT:**  Do you understand the purpose of your

13   appearance this morning is to change your plea in this case

14   from not guilty to Count 2 of the indictment, do you understand

15   that?

16             **DEFENDANT:**  Yes, sir.

17             **THE COURT:**  Counsel, have you met with your client?

18        **MR. DAVIS:**  Yes, Your Honor.

19             **THE COURT:**  Mr. Barnett?

20        **MR. BARNETT:**  Yes, sir.

21             **THE COURT:**  And in each of your opinion, is he

22   capable of understanding these proceedings and your advice?

23             **MR. DAVIS:**  Yes, sir, Your Honor.

24             **MR. BARNETT:**  Yes, sir.

25             **THE COURT:**  Is there any question in either of your

1    minds about his competence to enter a plea?

2              **MR. DAVIS:**  No, Your Honor.

3              **MR. BARNETT:**  No, Your Honor.

4              **THE COURT:**  Ms. Van Buskirk, is the government aware

5    of any issues with respect to the defendant's competence to

6    enter a plea?

7              **MS. VAN BUSKIRK:**  No, Your Honor.

8              **THE COURT:**  Now, Mr. Nelson, have you received a copy

9    of the indictment pending against you in this case, that is the

10   written charges brought against you by the government?

11             **DEFENDANT:**  Yes, sir, I have.

12             **THE COURT:**  Have you had an opportunity to review the

13   indictment with your attorney and fully discuss the charges in

14   it with your attorney?

15             **DEFENDANT:**  Yes, sir, I have.

16             **THE COURT:**  Were you able to ask your attorney any

17   and all questions that you may have had about the charges in

18   the indictment?

19             **DEFENDANT:**  Yes, sir.

20             **THE COURT:**  Did you understand your attorney's

21   answers?

22             **DEFENDANT:**  Yes, I did.

23             **THE COURT:**  Do you understand the charges against you

24   in the indictment?

25             **DEFENDANT:**  Yes, sir.

1              **THE COURT:**  Have you also discussed with your

2   attorney possible defenses, if any, that you might have to

3   these charges?

4              **DEFENDANT:**  Yes, sir.

5              **THE COURT:**  Were you able to ask your attorney any

6   questions you may have had about that subject?

7              **DEFENDANT:**  Yes, sir.

8              **THE COURT:**  And did you understand your attorney's

9   answers?

10             **DEFENDANT:**  Yes, I did.

11             **THE COURT:**  Did your attorney also discuss with you

12  possible witnesses, if any, who could be called to testify in

13  your defense to these charges?

14             **DEFENDANT:**  Yes, sir.

15             **THE COURT:**  Were you able to ask your attorney any

16  questions you may have had about that subject?

17             **DEFENDANT:**  Yes, sir.

18             **THE COURT:**  Did you understand his answers?

19             **DEFENDANT:**  Yes, I did.

20             **THE COURT:**  Did your attorney also review and discuss

21  with you the evidence that the government intended to produce

22  at trial to support the charges against you?

23             **DEFENDANT:**  Yes, sir.

24             **THE COURT:**  Were you able to ask your attorney any

25  questions that you may have had about that subject?

1          **DEFENDANT:**  Yes, sir.

2          **THE COURT:**  Did you understand your attorney's

3    answers?

4          **DEFENDANT:**  Yes, I did.

5          **THE COURT:**  Are you satisfied with the amount of time

6    you have been able to spend with your attorneys?

7          **DEFENDANT:**  Yes, sir.

8          **THE COURT:**  Are you satisfied with the amount of time

9    your attorneys have spent working on your case?

10          **DEFENDANT:**  Yes, I am, sir.

11          **THE COURT:**  Are you fully satisfied with the counsel,

12    representation and advice given to you in this case by your

13    attorneys?

14          **DEFENDANT:**  Yes.

15          **THE COURT:**  If you have any complaints or objections

16    whatsoever regarding the services provided to you by your

17    attorneys in this case, now is the time to make those

18    objections.  Do you have any?

19          **DEFENDANT:**  No, I don't.

20          **THE COURT:**  Now, I understand your willingness to

21    plead guilty this morning is the result of some discussions

22    that either you or your attorneys have had with the attorney

23    for the government which have resulted in these two written

24    documents, the plea agreement and plea supplement; is that

25    correct?

1          **DEFENDANT:**  Yes, sir.

2          **THE COURT:**  And is this your signature on the plea

3   agreement and the plea supplement?

4          **DEFENDANT:**  Yes, it is.

5          **THE COURT:**  Did you have an opportunity to read and

6   discuss the plea agreement and the plea supplement with your

7   attorneys before you signed those documents?

8          **DEFENDANT:**  Yes, I did.

9          **THE COURT:**  And were you able to ask your attorneys

10  any and all questions you may have had about the plea agreement

11  and plea supplement?

12         **DEFENDANT:**  Yes, sir.

13         **THE COURT:**  And did you understand your attorneys'

14  answers?

15         **DEFENDANT:**  Yes, I did.

16         **THE COURT:**  Do you fully understand the terms of the

17  plea agreement and plea supplement?

18         **DEFENDANT:**  Yes, sir.

19         **THE COURT:**  Counsel, do each of you agree that your

20  client fully understands the terms of the plea agreement and

21  plea supplement, Mr. Davis?

22         **MR. DAVIS:**  Yes, sir, Your Honor.

23         **THE COURT:**  Mr. Barnett?

24         **MR. BARNETT:**  Yes, sir, Your Honor.

25         **THE COURT:**  Now, at this time, Mr. Nelson, I'm going

1    to ask the attorney for the government to state into the record

2    some of the key terms or highlights of your agreement with the

3    government.  I want you to listen to what she has to say

4    because when she's finished I'm going to ask you if you

5    understand and agree with these terms and conditions.  Ms. Van

6    Buskirk.

7            **MS. VAN BUSKIRK:**  Yes, Your Honor.  By entering into

8    the agreement and the accompanying plea supplement, the

9    defendant hereby expressly waives the following rights:  The

10   right to appeal the conviction and sentence imposed in this

11   case, or the manner in which the sentence was imposed, or on

12   any grounds whatsoever; and the right to contest the conviction

13   or sentence, or the manner in which the sentence was imposed in

14   any post-conviction proceeding, including, but not limited to,

15   a motion brought under Title 28, United States Code, Section

16   2255, and any type of proceeding claiming double jeopardy or

17   excessive penalty as a result of any forfeiture; any right to

18   seek attorneys' fees and/or costs under the Hyde Amendment; and

19   the defendant acknowledges that the government's position in

20   the instant prosecution was not vexatious, frivolous or in bad

21   faith; and all rights, whether asserted directly or by a

22   representative, to request or receive from any agency of the

23   United States any records pertaining to the investigation or

24   the prosecution of this case under the Freedom of Information

25   Act or the Privacy Act.

1          He further acknowledges and agrees that any factual

2     issues regarding the sentencing will be resolved by the

3     sentencing judge under a preponderance of the evidence

4     standard.  And he waives any right to a jury determination of

5     these sentencing issues, and agrees that in making its

6     sentencing decision, the District Court may consider any

7     relevant evidence without regards to its admissibility under

8     the Rules of Evidence applicable at trial.

9          **THE COURT:**  Mr. Nelson, did you hear everything the

10    attorney for the government had to say?

11         **DEFENDANT:**  Yes, I did.

12         **THE COURT:**  Did you understand everything she had to

13    say?

14         **DEFENDANT:**  Yes, sir.

15         **THE COURT:**  Do you agree with those terms and

16    conditions?

17         **DEFENDANT:**  Yes, sir.

18         **THE COURT:**  You understand what she read there were

19    just the highlights.  Your complete agreement with the

20    government is controlled by all the written terms and

21    conditions contained in these two documents, the plea agreement

22    and plea supplement, do you understand that?

23         **DEFENDANT:**  Yes, sir.

24         **THE COURT:**  Now, has anyone made any other or

25    different promises or assurances of any kind to you, other than

1   the ones in the plea agreement and plea supplement, in an

2   effort to induce you to plead guilty in this case?

3             **DEFENDANT:**  No, sir.

4             **THE COURT:**  Let me inquire, Ms. Van Buskirk, was this

5   the only formal plea offer exchanged?

6             **MS. VAN BUSKIRK:**  No, there was a prior plea offer

7   exchanged, but this one is the most beneficial, Your Honor.

8             **THE COURT:**  Can you tell me just briefly what the

9   earlier offer was?

10            **MS. VAN BUSKIRK:**  The preliminary offer was to plead

11  to Count 1 of the indictment, which is a 10 year to life

12  statutory maximum.  And, obviously, Count 2 is more beneficial,

13  as it only has a 20 year maximum, Your Honor.

14            **THE COURT:**  Is that correct, Mr. Davis?

15            **MR. DAVIS:**  Yes, Your Honor.

16            **THE COURT:**  Mr. Barnett?

17            **MR. BARNETT:**  Yes, Your Honor.

18            **THE COURT:**  And did either or both of you discuss

19  this offer with Mr. Nelson?

20            **MR. DAVIS:**  I discussed both of them with him, yes,

21  sir.

22            **THE COURT:**  Were you able to explain it to him and

23  answer any questions he had about it?

24            **MR. DAVIS:**  Yes, sir, Your Honor.

25            **THE COURT:**  In your estimation, did he understand the

 1   earlier offer?

 2          **MR. DAVIS:**  Yes, Your Honor.  He is a very

 3   intelligent young man.  He understood them.

 4          **THE COURT:**  And in your estimation, is he making a

 5   knowing, intelligent and voluntary decision not to accept the

 6   earlier offer, but instead to accept this one?

 7          **MR. DAVIS:**  Yes, sir, Your Honor.

 8          **THE COURT:**  Mr. Nelson, have you heard everything Mr.

 9   Davis has just said?

10          **DEFENDANT:**  Yes.

11          **THE COURT:**  Did you understand all of that?

12          **DEFENDANT:**  Yes, sir.

13          **THE COURT:**  And do you agree with that?

14          **DEFENDANT:**  Yes, sir.

15          **THE COURT:**  Did Mr. Davis discuss the government's

16   earlier offer of the plea to Count 1 with you?

17          **DEFENDANT:**  Yes.

18          **THE COURT:**  Were you able to ask your attorney any

19   questions you had about that earlier plea offer?

20          **DEFENDANT:**  Yes.

21          **THE COURT:**  Did you understand Mr. Davis' answers?

22          **DEFENDANT:**  Yes, I did.

23          **THE COURT:**  Did you understand the government's

24   earlier offer?

25          **DEFENDANT:**  Yes, I did.

1          **THE COURT:**  And are you telling me here today it is

2     your own knowing, intelligent and voluntary decision not to

3     accept that offer, but instead to accept the one we're here on

4     today?

5          **DEFENDANT:**  Yes, sir.

6          **THE COURT:**  All right.  Then let me ask, Mr. Nelson,

7     has anyone attempted in any way to force you or threaten you to

8     plead guilty in this case?

9          **DEFENDANT:**  No, sir.

10          **THE COURT:**  Are you pleading guilty of your own free

11     will because you are, in fact, guilty?

12          **DEFENDANT:**  Yes, sir.

13          **THE COURT:**  Now, do you understand that the terms of

14     the plea agreement and the plea supplement are merely

15     recommendations to the Court, that I can reject those

16     recommendations without permitting you to withdraw your plea of

17     guilty, and then impose a sentence that may be more severe than

18     you may anticipate, do you understand that?

19          **DEFENDANT:**  Yes, sir.

20          **THE COURT:**  Now, you're also waiving the right to

21     appeal your conviction and sentence, do you understand that?

22          **DEFENDANT:**  Yes, sir.

23          **THE COURT:**  That last question pertains to the

24     waivers that Ms. Van Buskirk mentioned earlier.  Those are at

25     Paragraph 8 of your plea agreement, and I want to review them

1    with you again to make sure you understand them.

2              Do you understand that by entering into this plea

3    agreement and pleading guilty here today, you're going to waive

4    the right to appeal your conviction and sentence imposed in

5    this case, or the manner in which the sentence is imposed on

6    any grounds whatsoever except for ineffective assistance of

7    counsel claims, do you understand that?

8              **DEFENDANT:**  Yes, I do.

9              **THE COURT:**  You're also waiving the right to contest

10   the conviction and sentence or the manner in which the sentence

11   is imposed in any post-conviction proceeding, including, but

12   not limited to, a motion brought under Title 28, United States

13   Code, Section 2255, except for ineffective assistance of

14   counsel claims, do you understand that?

15             **DEFENDANT:**  Yes, sir.

16             **THE COURT:**  You're also waiving the right to seek

17   attorneys' fees or costs in this case, and you're acknowledging

18   that the government's position in this case was not vexatious,

19   frivolous or in bad faith.  Do you understand that?

20             **DEFENDANT:**  Yes, sir.

21             **THE COURT:**  You're waiving all rights, whether

22   asserted by you or through a representative, to request or

23   receive from any department or agency of the United States, any

24   records pertaining to the investigation or the prosecution of

25   this case, do you understand that?

1           **DEFENDANT:**  Yes, sir.

2           **THE COURT:**  You're also acknowledging and agreeing

3  that any factual issues regarding your sentencing will be

4  decided by the sentencing judge under a preponderance of the

5  evidence standard, which is a lower standard of evidence than

6  would apply at a jury trial, do you understand that?

7           **DEFENDANT:**  Yes, I do.

8           **THE COURT:**  And you're also waiving or giving up any

9  right to have a jury decide any of these sentencing issues.  Do

10  you understand that?

11           **DEFENDANT:**  Yes, sir.

12           **THE COURT:**  You're also agreeing that, in making its

13  sentencing decision, the Court may consider any relevant

14  evidence without regard to whether that evidence would be

15  admissible under the Rules of Evidence that would apply at a

16  trial, do you understand that?

17           **DEFENDANT:**  Yes, sir.

18           **THE COURT:**  Have you read each and every one of these

19  waivers, Mr. Nelson?

20           **DEFENDANT:**  Yes, I have.

21           **THE COURT:**  And have you discussed them with your

22  attorney, your attorneys, and asked your attorneys any

23  questions you may have had about them?

24           **DEFENDANT:**  Yes, sir.

25           **THE COURT:**  Did you understand your attorneys'

1    answers?

2          **DEFENDANT:**  Yes, I did.

3          **THE COURT:**  Do you understand what these waivers mean

4    and what their consequences are?

5          **DEFENDANT:**  Yes, I do.

6          **THE COURT:**  And do you fully and completely

7    understand, and knowingly and voluntarily agree to all of these

8    waivers, along with all of the other terms of the plea

9    agreement and plea supplement?

10          **DEFENDANT:**  Yes.

11          **THE COURT:**  Counsel, are each of you satisfied that

12   Mr. Nelson fully and completely understands and knowingly and

13   voluntarily agrees to all of these waivers, along with all of

14   the other terms of the plea agreement and the plea supplement,

15   Mr. Davis?

16          **MR. DAVIS:**  Yes, Your Honor.

17          **THE COURT:**  Mr. Barnett?

18          **MR. BARNETT:**  Yes, Your Honor.

19          **THE COURT:**  Under those circumstances, then, the

20   Court will accept the plea agreement and plea supplement and

21   direct that they be filed into the record.  Pursuant to local

22   court rule, the plea supplement will be filed under seal.

23          Now, Mr. Nelson, do you understand that the offense

24   to which you're seeking to plead guilty here today is a felony

25   offense, and that if your plea is accepted by the Court, you

1    will be adjudged guilty of that offense, and such adjudication

2    of guilt may deprive you of valuable civil rights, such as the

3    right to vote, the right to hold public office, the right to

4    serve on a jury, and the right to possess any kind of firearm.

5    Do you understand that, sir?

6              **DEFENDANT:**  Yes, sir.

7              **THE COURT:**  I'm required to inform you of the maximum

8    and mandatory minimum penalties to which you would be exposed

9    by pleading guilty to this charge.  You're seeking to plead

10   guilty to Count 2 of the indictment, which charges you with

11   violating Title 21, United States Code, Section 841(a)(1),

12   Possession with Intent to Distribute a Controlled Substance.

13   If you plead guilty to this charge, the maximum and mandatory

14   minimum penalties to which you would be exposed would be as

15   follows:  A term of imprisonment of not more than 20 years; a

16   fine of up to $1 million; a term of supervised release of at

17   least three years; and a $100 special assessment.  Do you

18   understand that those are the maximum and mandatory minimum

19   penalties to which you would be exposed by pleading guilty to

20   this charge?

21             **DEFENDANT:**  Yes, sir.

22             **THE COURT:**  And have you discussed those with your

23   attorneys and asked them any questions you may have had about

24   them?

25             **DEFENDANT:**  Yes, sir.

1          **THE COURT:**  Did you understand your attorneys'

2   answers?

3          **DEFENDANT:**  Yes, I did.

4          **THE COURT:**  Now, do you understand that a term of

5   supervised release is imposed in addition to any sentence of

6   imprisonment, do you understand that?

7          **DEFENDANT:**  Yes, sir.

8          **THE COURT:**  And what supervised release is, is a

9   period of time following your release from any term of

10  imprisonment during which your activities would be monitored

11  and supervised by the U.S. Probation Office, do you understand

12  that?

13         **DEFENDANT:**  Yes, sir.

14         **THE COURT:**  And if you violate any of the conditions

15  of your supervised release, you could be subjected to

16  imprisonment for the entire term of supervised release without

17  credit for any time that you might have already served on that

18  term of supervised release, do you understand that?

19         **DEFENDANT:**  Yes, sir.

20         **THE COURT:**  If applicable, in some cases, the Court

21  may also order you or be required to order you to pay

22  restitution, do you understand that?

23         **DEFENDANT:**  Yes, sir.

24         **THE COURT:**  And Ms. Van Buskirk, let me inquire, will

25  forfeiture be applicable in this case?

1      **MS. VAN BUSKIRK:**  No, Your Honor, it was handled on

2   the state side.

3      **THE COURT:**  All right.  Finally, for each offense you

4   must pay a special assessment of $100 per count, which in this

5   case, because you're pleading guilty to one count, would be

6   $100, do you understand that?

7      **DEFENDANT:**  Yes, sir.

8      **THE COURT:**  Do you understand all of these possible

9   consequences of your plea here today, Mr. Nelson?

10      **DEFENDANT:**  Yes, sir.

11      **THE COURT:**  Have you discussed them with your

12   attorneys and asked them any questions you may have had about

13   them?

14      **DEFENDANT:**  Yes, sir.

15      **THE COURT:**  Did you understand their answers?

16      **DEFENDANT:**  Yes, I did.

17      **THE COURT:**  Under the Sentencing Reform Act of 1984,

18   the United States Sentencing Commission has issued sentencing

19   guidelines for judges to follow to determine a sentence in a

20   criminal case.  Your sentence in this case will be determined

21   by considering a combination of these advisory sentencing

22   guidelines, possible authorized departures from those

23   guidelines, and other statutory sentencing factors that

24   Congress has set forth at Title 18, United States Code,

25   Section 3553.  Have you and your attorneys talked about how the

 1    sentencing guidelines might apply to your case?

 2              **DEFENDANT:**  Yes, sir.

 3              **THE COURT:**  Now, do you understand that the Court

 4    will not be able to determine the guideline sentence range for

 5    your case until after the Probation Office has prepared a

 6    presentence report, and you and the government have both had an

 7    opportunity to review that report and to challenge or object to

 8    the reported facts and the proposed application of the

 9    sentencing guidelines recommended by the probation officer, do

10    you understand that?

11              **DEFENDANT:**  Yes, sir.

12              **THE COURT:**  Do you also understand that the sentence

13    ultimately imposed by the Court may be different from any

14    estimate that your attorneys may have given you, do you

15    understand that?

16              **DEFENDANT:**  Yes, sir.

17              **THE COURT:**  Also, after your initial advisory

18    sentencing guideline range has been determined, the Court has

19    the authority, under some circumstances, to depart upward,

20    above the guideline range, or downward, below the guideline

21    range.  The Court will also consider statutory sentencing

22    factors found at Title 18, United States Code, Section 3553,

23    that could result in the imposition of a sentence that is

24    either greater than or lesser than the advisory guideline

25    sentence range, do you understand that?

1                   **DEFENDANT:**  Yes, sir.

2                   **THE COURT:**  Do you understand that the Court, in its

3 discretion, could sentence you up to the maximum prison

4 sentence provided by statute, which in this case is 20 years,

5 do you understand that?

6                   **DEFENDANT:**  Yes, sir.

7                   **THE COURT:**  Finally, parole has been abolished, and

8 if you're sentenced to prison, you will not be released on

9 parole, do you understand that?

10                   **DEFENDANT:**  Yes, sir.

11                   **THE COURT:**  Now, you're also waiving some

12 constitutional rights by pleading guilty today.  I want to

13 review those with you, as well, to make sure you understand

14 them.  Do you understand that you have a right to plead not

15 guilty to any offense charged against you and to persist in

16 that plea of not guilty, do you understand that?

17                   **DEFENDANT:**  Yes, sir.

18                   **THE COURT:**  You would then have the right to a trial

19 by a jury, do you understand that?

20                   **DEFENDANT:**  Yes, I do.

21                   **THE COURT:**  And at that trial, you would be presumed

22 to be innocent, and the government would have to prove your

23 guilt beyond a reasonable doubt, do you understand that?

24                   **DEFENDANT:**  Yes, sir.

25                   **THE COURT:**  You would have the right to the

1    assistance of counsel for your defense at trial, and at every

2    stage of the proceeding.  And if necessary, the Court would

3    appoint an attorney for you, do you understand that?

4                 **DEFENDANT:**  Yes, sir.

5                 **THE COURT:**  You would have the right to see and hear

6    all of the witnesses who testify and have them cross-examined

7    in your defense, do you understand that?

8                 **DEFENDANT:**  Yes, sir.

9                 **THE COURT:**  You would have the right to the issuance

10   of subpoenas or compulsory process to require witnesses to

11   attend to testify in your defense, do you understand that?

12                **DEFENDANT:**  Yes, sir.

13                **THE COURT:**  You would have the right on your own part

14   to refuse to testify unless you voluntarily elected to do so in

15   your own defense, do you understand that?

16                **DEFENDANT:**  Yes, sir.

17                **THE COURT:**  And if you decided not to testify, or not

18   to put on any evidence whatsoever, those facts could not be

19   used against you, do you understand that?

20                **DEFENDANT:**  Yes, sir, I do.

21                **THE COURT:**  Do you further understand that by

22   entering a plea of guilty here today, if that plea is accepted

23   by the Court, there will not be a trial, and you will have

24   waived or given up your right to a trial, as well as all of the

25   other rights associated with a trial as I have just described

1      them, do you understand that?

2              **DEFENDANT:**  Yes, sir.

3              **THE COURT:**  I'm required to inform you of the charge

4      to which you're seeking to plead guilty in this case.  You're

5      seeking to plead guilty to Count 2 of the indictment, which

6      charges as follows:  That on or about July 7, 2018, in Jackson

7      County, in the Southern Division of the Southern District of

8      Mississippi and elsewhere, the defendant, Ambrose DeJuan

9      Nelson, aided and abetted by others, known and unknown to the

10     Grand Jury, did knowingly and intentionally possess with intent

11     to distribute a mixture or substance containing a detectable

12     amount of heroin, a Schedule I controlled substance, in

13     violation of Title 21, United States Code, Sections 841(a)(1)

14     and (b)(1)(C), and Title 18, United States Code, Section 2.

15     Have you seen the indictment against you in this case, Mr.

16     Nelson?

17             **DEFENDANT:**  Yes, I have.

18             **THE COURT:**  And have you read this charge in Count 2

19     to which you are seeking to plead guilty?

20             **DEFENDANT:**  Yes, sir.

21             **THE COURT:**  Did you have a full opportunity to

22     discuss this charge with your attorneys and ask them any

23     questions you may have had about it?

24             **DEFENDANT:**  Yes, sir.

25             **THE COURT:**  And did you understand your attorneys'

1   answers?

2            **DEFENDANT:**  Yes, I did.

3            **THE COURT:**  Do you understand the charge against you

4   in Count 2?

5            **DEFENDANT:**  Yes, sir.

6            **THE COURT:**  Counsel, are you satisfied that your

7   client understands the charge against him in Count 2, Mr.

8   Davis?

9            **MR. DAVIS:**  Yes, Your Honor.

10           **THE COURT:**  Mr. Barnett?

11           **MR. BARNETT:**  Yes, Your Honor.

12           **THE COURT:**  I also need to explain to you the

13   essential elements of the charge contained in Count 2.  These

14   are the things that the government would have to prove, and

15   they would have to prove them beyond a reasonable doubt before

16   you could be found guilty.

17           Count 2 charges you with violating Title 21, United

18   States Code, Section 841(a)(1), which makes it a crime for

19   anyone knowingly or intentionally to possess a controlled

20   substance with the intent to distribute it.  Heroin is a

21   controlled substance within the meaning of this law.  So in

22   order for you to be found guilty of this charge, the government

23   must prove each of these following elements beyond a reasonable

24   doubt.  First, that the defendant, and that would be you,

25   knowingly possessed a controlled substance; second, that the

1    substance was, in fact, heroin; third, that the defendant, and

2    that would be you again, possessed the substance with the

3    intent to distribute it; and fourth, that the quantity of this

4    substance was a detectable amount of heroin.

5                To possess with intent to distribute simply means to

6    possess with the intent to deliver or transfer possession of a

7    controlled substance to another person with or without any

8    financial interest in the transaction.

9                So those are the essential elements of the charge

10   against you in Count 2.  Do you understand those, Mr. Nelson?

11              **DEFENDANT:**  Yes, sir.

12              **THE COURT:**  And have you discussed those with your

13   attorneys and asked them any questions that you may have had

14   about them?

15              **DEFENDANT:**  Yes, sir.

16              **THE COURT:**  Did you understand your attorneys'

17   answers?

18              **DEFENDANT:**  Yes, sir.

19              **THE COURT:**  Do you understand what it is the

20   government must prove beyond a reasonable doubt before you

21   could be found guilty?

22              **DEFENDANT:**  Yes, sir.

23              **THE COURT:**  And do you fully and completely

24   understand the nature of the charge against you in Count 2,

25   including its essential elements?

1          **DEFENDANT:**  Yes, sir.

2          **THE COURT:**  Counsel, are each of you satisfied that

3    your client fully and completely understands the nature of the

4    charge against him in Count 2, including its essential

5    elements, Mr. Davis?

6          **MR. DAVIS:**  Yes, Your Honor.

7          **MR. BARNETT:**  Yes, Your Honor.

8          **THE COURT:**  Now, at this time, Mr. Nelson, I'm going

9    to ask the attorney for the government to state into the record

10   those facts that the government would be prepared to prove if

11   this case went to trial.  I want you to listen carefully to

12   what she has to say, because when she's finished I'm going to

13   ask you if you understand and agree with everything she has to

14   say.  Counsel.

15         **MS. VAN BUSKIRK:**  If this matter proceeded to trial,

16   the government would call witnesses to testify and introduce

17   evidence that would show on or about July 7th, 2018, in Jackson

18   County, in the Southern Division of Mississippi and elsewhere,

19   the defendant, aided and abetted by others known and unknown to

20   the Grand Jury, did knowingly and intentionally possess with

21   intent to distribute a mixture or substance containing a

22   detectable amount of heroin, a Schedule I controlled substance.

23         Specifically, while driving a vehicle in Gautier,

24   Mississippi, Mr. Nelson was stopped for a traffic violation

25   around 4:30 in the morning.  The Jackson County sheriff's

1   deputy who conducted the shop noticed what had appeared to be

2   the sole occupant, Mr. Nelson, place something in the back seat

3   while the deputy was trying to stop the vehicle.

4           Upon making contact with Mr. Nelson, the deputy

5   believed that he was operating the vehicle under the influence.

6   Mr. Nelson was subsequently arrested and placed in the back of

7   the deputy's patrol unit.  While performing an inventory of the

8   vehicle, the deputy located a bag in the back seat that

9   contained over $18,000 in cash and heroin.

10          Another deputy attempted to retrieve all the property

11  from Mr. Nelson's person, and upon doing so Mr. Nelson began to

12  struggle with the deputy.  Mr. Nelson destroyed a cell phone

13  during the altercation by snapping it in half.  The evidence

14  retrieved from the bag was sent to the Mississippi Crime

15  Laboratory and examined for the presence of a controlled

16  substance, and, in fact, contained heroin and had a gross

17  weight of 17.11 grams.

18          **THE COURT:**  All right.  Mr. Nelson, did you hear

19  everything the attorney for the government had to say?

20          **DEFENDANT:**  Yes, I did.

21          **THE COURT:**  Did you understand everything she had to

22  say?

23          **DEFENDANT:**  Yes, I did.

24          **THE COURT:**  Do you agree with those facts?

25          **DEFENDANT:**  Yes, sir.

1             **THE COURT:**  And is that, in fact, what happened in

2 this case?

3             **DEFENDANT:**  Yes, sir.

4             **THE COURT:**  In a moment, I'm going to ask you for

5 your plea to the charge in Count 2, whether that plea is guilty

6 or not guilty.  Before I do that, though, is there anything

7 that you have not understood this morning or that you would

8 like to discuss further with your attorneys?

9             **DEFENDANT:**  Can I have one second with my attorneys,

10 please?

11             **THE COURT:**  Yes, you may.  Take your time.

12             (Off Record Discussion).

13             **THE COURT:**  Are we ready?

14             **DEFENDANT:**  Yes, sir.

15             **THE COURT:**  Did you get all of your questions

16 answered, Mr. Nelson?

17             **DEFENDANT:**  Yes, I did.

18             **THE COURT:**  And are you ready to proceed?

19             **DEFENDANT:**  Yes, I am, sir.

20             **THE COURT:**  Mr. Nelson, how do you now plead to the

21 charge in Count 2 of the indictment, guilty or not guilty?

22             **DEFENDANT:**  I plead guilty, sir.

23             **THE COURT:**  It is the finding of the Court in the

24 case of United States versus Ambrose DeJuan Nelson, that having

25 viewed the defendant in court and considered his demeanor and

1   responses, that the defendant is fully competent and capable of

2   entering an informed plea, that the defendant is aware of the

3   nature of the charges and the consequences of the plea, and

4   that the plea of guilty to Count 2 of the indictment is a

5   knowing and voluntary plea, supported by an independent basis

6   in fact containing each of the essential elements of the

7   offense.  The plea is therefore accepted, and the defendant is

8   now adjudged guilty of that offense.

9          As I mentioned, a written presentence report will

10  need to be prepared by the Probation Office to assist the Court

11  in sentencing.  You are going to be asked to give information

12  to the probation officer for this report.  It's very important

13  that you provide complete and truthful answers to the probation

14  officer whenever you meet with him or her.  You may have your

15  attorney present with you if you wish when you meet with the

16  probation officer.  And you and your attorney will be allowed

17  to read the presentence report and file any objections you may

18  have to the presentence report before the sentencing hearing.

19  You and your attorney will also have an opportunity to speak on

20  your behalf at the sentencing hearing before the Court imposes

21  any sentence.  So sometime after we finish this morning,

22  someone from probation will be in touch with either you or your

23  attorney to begin that process.

24         Sentencing in this case will be on Friday, March the

25  15th, 2019, at 9:30 a.m. here in this courtroom.  Friday, March

1    the 15th, 2019, at 9:30 a.m. here in this courtroom.

2             One thing I want to remind you of, Mr. Nelson, is you

3    have now been adjudged guilty of a felony.  One consequence of

4    that is you no longer have the right to possess a firearm of

5    any kind for any purpose, do you understand that, sir?

6             **DEFENDANT:**  Yes, sir.

7             **THE COURT:**  Under the provisions of the Bail Reform

8    Act, the defendant will be remanded to the custody of the U.S.

9    Marshal pending sentencing.  Is there anything further at this

10   time?

11            **MS. VAN BUSKIRK:**  No, Your Honor.

12            **MR. DAVIS:**  Judge, just again, if there's any

13   advantages from the recently passed criminal justice reform act

14   that assist Mr. Nelson in his sentence, we would request that

15   be applied to his sentence.

16            **THE COURT:**  Certainly.  That, of course, will be a

17   legal question depending on what the law is and what's in it,

18   and those arguments can be raised at the time of sentencing.

19   Nothing is final until the final judgment is entered with the

20   sentence.  So those can be brought up at sentencing.

21            **MR. BARNETT:**  Did Your Honor say the sentencing would

22   be March the 15th or 16th?

23            **THE COURT:**  Fifteenth.

24            **MR. BARNETT:**  1/5?

25            **THE COURT:**  1/5, yes, sir.

1          **MR. BARNETT:**  Thank you.

2          **THE COURT:**  Are you going to be retained -- remaining

3     on the case, Mr. Davis?

4          **MR. DAVIS:**  Judge, I am right now, yes, sir, unless

5     the Court wants me to withdraw since Mr. Barnett made an

6     appearance.

7          **MR. BARNETT:**  I don't want him to withdraw.

8          **THE COURT:**  Well, we'll have to take a look at that

9     because if he has retained counsel, I'm not sure under the CJA

10    that he can also have appointed counsel.

11         **MR. DAVIS:**  I understand --

12         **THE COURT:**  Because then he wouldn't be considered

13    indigent any longer.

14         **MR. DAVIS:**  I understand that.

15         **THE COURT:**  So we'll take that matter up separately,

16    and if you need to file something, you'll have to file it.

17         **MR. DAVIS:**  I will.  And if the Court -- that's what

18    I'm saying, if the Court feels I need to withdraw, I will, Your

19    Honor.

20         **THE COURT:**  We'll let you know.  Certainly, if Mr.

21    Nelson wants to keep you both on, he can separately retain you

22    if he wants to do that.  That's his decision.

23         **MR. DAVIS:**  Yes.

24         **THE COURT:**  Anything else?

25         **MS. VAN BUSKIRK:**  No, Your Honor.

1              **THE COURT:**  Anything else?

2              **MR. BARNETT:**  No, Your Honor.

3              **MR. DAVIS:**  No.

4              **THE COURT:**  Defendant is remanded to custody.  We'll

5    see you on March 15th.  Counsel, you are excused.

6              The Court will take a very short break before the

7    next matter.

8                        (HEARING CONCLUDED)

9                             – – –

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                            CERTIFICATE OF COURT REPORTER

3

4              I, Sherri L. Penny, RPR, Official Court Reporter for

5    the United States District Court for the Southern District of

6    Mississippi, appointed pursuant to the provisions of Title 28,

7    United States Code, Section 753, do hereby certify that the

8    foregoing is a correct transcript of the proceedings audio

9    recorded and transcribed by me using the audio recording made

10   in this matter, and that same is a true and correct transcript

11   to the best of my ability and understanding.  Any inaudibles

12   that occur in the transcript are a result of the poor recording

13   quality of the audio.

14             I further certify that the transcript fees and format

15   comply with those prescribed by the Court and the Judicial

16   Conference of the United States.

17

18

19

20                        *S/ Sherri L. Penny*
                          Sherri L. Penny, RPR, FCRR
21                        OFFICIAL COURT REPORTER

22

23

24

25