IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Crim. No. 1:18cr121-HSO-RPM-1
    Civil No. 1:21cv260-HSO

AMBROSE DEJUAN NELSON

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT AMBROSE DEJUAN NELSON'S MOTION [52] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [52] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed by Defendant Ambrose Dejuan Nelson ("Defendant" or "Nelson"). For the reasons that follow, the Court finds that Nelson's § 2255 Motion should be summarily denied.

I. FACTS AND PROCEDURAL HISTORY

After pleading guilty to Count 2 of a two-count Indictment [10] in this case, Nelson was sentenced to a term of imprisonment of 240 months, followed by a three-year term of supervised release. *See* J. [38] at 2-3. Nelson appealed to the United States Court of Appeals for the Fifth Circuit, but his attorney moved for leave to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *See* Op. [48] at 1. On December 30, 2019, the Fifth Circuit granted the motion for leave to withdraw

and dismissed the appeal, *see id.* at 2, and Nelson did not file a petition for writ of certiorari, *see* Mot. [186] at 2. The Fifth Circuit's judgment therefore became final 90 days after its entry, or on March 30, 2020. *See, e.g.,* Sup. Ct. R. 13; *United States v. Wheaten*, 826 F.3d 843, 848 (5th Cir. 2016). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), any § 2255 motion was due within one year from the date on which Nelson's judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). In Nelson's case, this deadline was on or before March 30, 2021. *See id.*

On March 10, 2021, Nelson filed a Motion [51] for Extension of Time to File a § 2255 Motion. The Court denied Nelson's request the next day, explaining that the Motion set forth no grounds for relief under 28 U.S.C. § 2255, and that Nelson had cited no authority that would permit a prospective extension of the statute of limitations. *See* March 11, 2021, Text Order (citing *United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005)). The Text Order was mailed to Nelson's address of record.

Over four months later, on July 26, 2021, Nelson finally filed his pro se Motion [52] to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.[1] Nelson advances two ineffective assistance of counsel claims. Mot. [52] at 4-5. Nelson claims that his counsel was ineffective in failing to object to the Court considering Count 1, which was dismissed by the Government pursuant to

---

[1] Nelson states that he executed the Motion and placed it in the prison mailing system on July 26, 2021. *See* Mot. [52] at 12. The Motion was received and filed by the Clerk of Court on August 3, 2021.

the Plea Agreement, as relevant conduct for purposes of sentencing, and in failing to advise him of the right to a trial by a judge. See id.

## II.   DISCUSSION

Nelson does not dispute that his § 2255 Motion [52] was filed beyond the applicable filing deadline but argues for equitable tolling. See Mot. [52] at 11. According to the Fifth Circuit, to be entitled to equitable tolling, a § 2255 movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Wheaten*, 826 F.3d at 851 (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). This inquiry "is guided by the principle that equitable tolling of AEDPA's one-year limitations period is available only in rare and exceptional circumstances," and it "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quotation omitted).

Nelson cites some tragic events in his personal life that occurred during 2020, including his son being murdered in August 2020. Mot. [52] at 11. Nelson states that, "[w]hile fighting through grief, [he] struggled for months before one of the Unit team staff retrieved his legal material from the legal locker storage area." *Id.* Nelson represents that he did not receive his legal materials, which were "crucial in identifying counsel's deficient performance," until "late February 2021." *Id.* According to Nelson, if not for the COVID lockdown, his "legal material would have been more readily accessible." *Id.*

While the Court is sympathetic to the tragic events involving Nelson's family that occurred in 2020, it cannot say that these events "prevented" the timely filing of Nelson's § 2255 Motion. *See Wheaten*, 826 F.3d at 851. As for Nelson's legal materials, even if the lack of these materials constituted an impediment to filing a § 2255 Motion, Nelson acknowledges that this impediment was removed by late February 2021. *See* Mot. [52] at 11.

The Fifth Circuit has held that a petitioner's claim that he was entitled to equitable tolling because he was separated from his legal materials and denied access to a law library during two prison transfers was unavailing "because these impediments were removed before the end of the limitations period." *Andrade v. Odessa Police Dep't*, 472 F. App'x 323, 324 (5th Cir. 2012). The Court finds this reasoning persuasive here. Nelson represents that the alleged impediment to his filing was removed over a month prior to the expiration of the March 30, 2021, filing deadline. *See* Mot. [52] at 11. The events cited by Nelson therefore do not support a finding that he has been pursuing his rights diligently, or that some extraordinary circumstance stood in his way and prevented the timely filing of his § 2255 Motion. *See Wheaten*, 826 F.3d at 851. Nelson's request for equitable tolling is therefore not well taken.

In sum, Nelson did not file the § 2255 Motion [52] within the applicable limitations period, and even liberally construing all allegations in his favor, Nelson is not entitled to equitable tolling. Because the Motion [52] and records of the case conclusively show that Nelson is entitled to no relief, his § 2255 Motion [52] must be

4

summarily denied.   *See* 28 U.S.C. § 2255(b).

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Ambrose Dejuan Nelson's Motion [52] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of August, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE